HOSODA & BONNER, LLLC

| | |
|---|---|
| LYLE S. HOSODA | 3964-0 |
| ADDISON D. BONNER | 9163-0 |
| KOURTNEY H. WONG | 10827-0 |
| SPENCER J. LAU | 11105-0 |

Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone:   (808) 524-3700
Facsimile:    (808) 524-3838
Email:         lsh@hosodalaw.com
                  adb@hosodalaw.com
                  khw@hosodalaw.com
                  sjl@hosodalaw.com

Attorneys for Plaintiff
ALASKA AIRLINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALASKA AIRLINES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CATLIN SPECIALTY INSURANCE COMPANY;<br><br>Defendant. | Civil No. 1:21-CV-66<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff ALASKA AIRLINES, INC. ("Plaintiff"), by and through its

attorneys, Hosoda & Bonner, LLLC, for claims of relief against Defendant CATLIN SPECIALTY INSURANCE COMPANY ("Catlin"), alleges and avers as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an Alaska-incorporated corporation duly authorized to conduct business under the laws of the State of Hawaiʻi.

2. Upon information and belief, Catlin is a United States-based admitted insurance carrier specializing in property and casualty insurance products, incorporated in Delaware. Catlin is not licensed in the State of Hawaiʻi and is not subject to its regulation or examination.

3. The Court has jurisdiction over the claims pursuant to: 1) Plaintiff and Catlin are citizens of different states and 2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court has jurisdiction over Catlin as it provides insurance products to consumers residing in and doing business in the State of Hawaiʻi.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within, or a substantial part of the property that is the subject of the action is located in this judicial district.

## FACTS

6. As early as 2008, a Hawai'i-based company known as Mutual Underwriters ("MU") served as the insurance agent for Airport Group Services LLC ("AGS"), an airport porter services company, and assisted its member-manager Byron Matsuura ("Mr. Matsuura") in obtaining commercial insurance policies for the company. This included commercial general liability ("CGL") policies.

7. As is common practice in obtaining a commercial insurance policy through an insurance agent, Mr. Matsuura would complete a commercial insurance application form and submit it to MU for processing and retention of an insurance carrier.

8. After a suitable insurance carrier who accepted AGS's insurance application was located, a quote for the CGL policy would be provided to AGS/Mr. Matsuura. Mr. Matsuura would decide whether to accept coverage as provided by the quote, and the policy would be "bound" after an initial payment of the premium.

9. Starting in 2008 and for every policy period (each spanning one year) thereafter until November 2016, AGS's CGL policy was placed and bound with Catlin.

10. Mr. Matsuura would annually renew AGS's CGL policy by submitting

an insurance application to MU.  Upon information and belief, MU would repeat its procedure of processing/transmitting the applications to Catlin and later working to process "binding" of the CGL policy from Catlin.

11. In October 2014, Mr. Matsuura sought to renew AGS's CGL policy for the period November 1, 2014 – November 1, 2015 and submitted a signed commercial application to Catlin through MU.

12. Within the application, the Additional Insured section included entries for Kahului Airport, "Alasaka Airlines" (understood to be Plaintiff) at Kahului Airport, in addition to other locations such as Lihue Airport.

13. AGS/Mr. Matsuura also submitted a signed copy of Catlin's Contractor's Supplemental Application, wherein Mr. Matsuura identifies AGS's business as "Sky cap service at Airport."

14. Upon information and belief, AGS's insurance application was transmitted to Catlin, who agreed to renew the CGL policy as Policy # 5200104405.  Mr. Matsuura approved the renewal and paid a premium amount of approximately $1,225.31.  The CGL policy was bound.

15. AGS and Mr. Matsuura expected and inferred from Catlin's agreement to renew the CGL policy that Kahului Airport and Alaska Airlines at Kahului Airport (Plaintiff), in addition to other locations and additional insureds that were requested to be included in the policy, were in fact included.

16. AGS and Mr. Matsuura were later issued Certificates of Insurance (COIs) by MU reflecting the additional insureds for the 2014-2015 policy.

17. In October 2015, Mr. Matsuura sought to renew AGS's CGL policy for the policy period November 1, 2015 – November 1, 2016 and prepared a signed commercial insurance application.

18. Within the application, the Additional Insured section included entries for Kahului Airport, "Alasaka Airlines" (understood to be Plaintiff) at Kahului Airport, in addition to other locations such as Lihue Airport and Hilo Airport.

19. Upon information and belief, MU transmitted AGS's insurance application to Catlin, who provided a quote and agreed to renew the CGL policy as Policy # 5200104639.  Mr. Matsuura approved the renewal and paid a premium amount of approximately $1,140.31.  The CGL policy was bound.

20. The premium amount is substantively similar to premium amounts for prior coverage periods.

21. AGS and Mr. Matsuura expected and inferred from Catlin's agreement to renew the CGL policy that Kahului Airport and Alaska Airlines at Kahului Airport (Plaintiff), in addition to other locations and additional insureds that were requested to be included in the policy, were in fact included.

22. AGS and Mr. Matsuura were later issued COIs by MU reflecting the additional insureds for the 2015-2016 policy.  The COIs specifically identify "State

of Hawaiʻi – DOT, Airports Division, Kahului Int'l Airport", "Alaska Airlines, Kahului Int'l Airport" (Plaintiff) and "AGS Porter Services, LLC" ("APS") as Certificate Holders.

23. On or around November 25, 2015, an incident involving personal injury occurred at Kahului Airport. Subsequently, Plaintiff, AGS, and APS were named as co-defendants in a matter currently before the Circuit Court for the Second Circuit of Hawaiʻi known as *Sara Green v. Alaska Airlines, Inc. et al.*, Civil No. 17-1-0484 (2).

24. As a result of the pending litigation, Plaintiff, AGS/Mr. Matsuura, and APS, tendered the action to Catlin under Policy # 5200104639. AGS tendered as the named insured and APS and Plaintiff tendered as the additional insureds Mr. Matsuura had requested be included in the policy.

25. The CGL policy provides coverage to insureds (payment of damages and the right and duty to defend suits seeking those damages) for "bodily injury" (bodily injury, sickness, or disease sustained by a person) arising within the coverage territory (United States) and occurring during the policy period (November 1, 2015 – November 1, 2016).

26. Catlin denied the tender as to all parties, stating that the location covered under the CGL policy was limited only to Keahole (Kona) Airport in the County of Hawaiʻi, whereas the underlying incident occurred at Kahului Airport on

6

Maui.

27. AGS relied upon Catlin's review of its insurance applications and subsequent agreement to bind and renew its CGL policy with AGS to include the additional insureds AGS/Mr. Matsuura listed in each insurance application and the additional insureds they requested thereafter.

28. Catlin failed to provide coverage consistent with what AGS/Mr. Matsuura requested for the CGL policies and failed to communicate with AGS/Mr. Matsuura where the resulting CGL policies deviated from or contained terms different than what was requested.

29. Plaintiff, AGS, APS, and Mr. Matsuura have suffered and continue to suffer damages resulting from Catlin's actions and inaction relating to AGS's CGL policies. Catlin's actions have inequitably increased these parties' exposure to fees, costs, and damages in *Sara Green v. Alaska Airlines Inc. et al.*, where each reasonably and honestly believed they possessed coverage as named or additional insured for the incident. Plaintiff, AGS, APS, and Mr. Matsuura have also incurred and continue to incur litigation expenses that should be covered under the applicable CGL policy.

30. AGS, APS, and Mr. Matsuura have assigned to Plaintiff any and all claims they possess as to Catlin's actions and inaction relating to its procurement and management of AGS's CGL policy for the policy period covering the *Sara*

*Green* incident.

## COUNT I - DECLARATORY JUDGMENT

31. Plaintiff hereby incorporates and re-alleges the allegations set forth in paragraphs 1 to 30 as if fully set forth herein.

32. There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Catlin regarding whether AGS's CGL policy (Policy # 5200104639) covered Plaintiff and APS as additional insureds and Kahului Airport as a covered location.

33. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff in good faith requests that the Court declare the following:

    a) AGS's CGL policy (#5200104639) for policy period November 1, 2015 – November 1, 2016 covered Kahului Airport on Maui as a location of AGS's business operations;

    b) AGS's CGL policy covered Plaintiff and APS as additional insureds for the relevant policy period,

    c) AGS, APS, and Plaintiff made timely notices of tender under the applicable CGL policy to Catlin,

    d) Catlin must defend and indemnify Plaintiff (by its own rights as an additional insured and as assignee of all relevant claims by AGS, APS, and Mr. Matsuura) under the applicable CGL policy in relation to the *Sara Green* matter.

## COUNT II - NEGLIGENCE

34. Plaintiff repeats and incorporates by reference paragraphs 1 to 33 of the Complaint herein.

35. Catlin had a duty to exercise reasonable care, skill, and diligence in processing AGS/Mr. Matsuura's commercial insurance applications and procuring CGL insurance based on those applications.

36. Catlin breached its duty of care by, *inter alia*, failing to procure CGL policies that appropriately reflected the covered locations and additional insureds that AGS/Mr. Matsuura sought to have included in the policies, and failing to communicate with AGS/Mr. Matsuura regarding any deviations or absences of those locations and additional insureds when it presented the policies to them for binding.

37. AGS/Mr. Matsuura would not have agreed to bind the CGL policies if they were properly informed that certain locations (e.g. Kahului Airport) and additional insureds (e.g. APS and Plaintiff) would not be included in those policies.

38. The actions and inaction of Catlin's conduct are the legal and proximate cause of AGS possessing unresponsive and inadequate commercial insurance policies that were inconsistent with its commercial insurance applications.

39. Catlin's denial of tender further prejudices Plaintiff, AGS, APS, and

Mr. Matsuura as the applicable excess liability policy (Policy # 75449C154ALI) procured by Torus Specialty Insurance Company ("Torus") follows Catlin's CGL policy and would not cover the underlying incident due to Catlin's current position.

40. As a direct and proximate result of Catlin's actions and inaction, AGS, APS, Mr. Matsuura, and Plaintiff under their assignment of claims, have incurred damages in an amount to be proven at trial.

## COUNT III – EQUITABLE ESTOPPEL

41. Plaintiff repeats and incorporates by reference paragraphs 1 to 40 of the Complaint herein.

42. AGS/Mr. Matsuura retained Catlin as their CGL insurer starting in 2008 and thereafter renewed their CGL policy annually without fail through the policy period November 1, 2015 – November 1, 2016.

43. Upon information and belief, Catlin received AGS/Mr. Matsuura's insurance application (containing a list of additional insureds including Plaintiff and Kahului Airport) for the applicable CGL policy and thereafter procured a policy applicable to the *Sara Green* incident (#5200104639).

44. Catlin misrepresented to AGS/Mr. Matsuura in procuring and managing the CGL policy that Plaintiff and APS would be included as additional insureds and that Kahului Airport was a covered location.

45. AGS/Mr. Matsuura reasonably and honestly believed that Catlin

procured for them a policy that included Plaintiff and APS as additional insureds and Kahului Airport as a covered location.

46. AGS/Mr. Matsuura detrimentally relied on Catlin's representations through its procurement and management of the applicable CGL policy that their operations at Kahului Airport would be covered and that Plaintiff and APS were additional insureds under the policy.

47. AGS/Mr. Matsuura paid premiums to Catlin for the applicable CGL policy that were substantively similar in amount to prior policy periods, such as 2014-2015, where AGS/Mr. Matsuura had made similar requests for additional insureds to be included in the CGL policy.

48. As a result of its conduct, Catlin should be estopped from asserting that the applicable CGL policy does not provide coverage for the underlying incident as to Plaintiff, AGS, APS, and Mr. Matsuura.

### COUNT IV – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Plaintiff repeats and incorporates by reference paragraphs 1 to 48 of the Complaint herein.

50. Catlin has a duty to act in good faith when interpreting the applicable CGL policy after it was tendered to by Plaintiff, AGS, APS, and Mr. Matsuura.

51. Catlin's interpretation of the applicable CGL policy and decision to deny coverage under it, in light of its aforementioned knowledge of the additional

insureds and locations requested by AGS/Mr. Matsuura to be included in the policy, was and is unreasonable.

52. Catlin breached its duty of good faith and fair dealing to Plaintiff, AGS, APS, and Mr. Matsuura.

53. As a proximate result of Catlin's actions and inaction, Plaintiff, AGS, APS, and Mr. Matsuura have suffered and continue to suffer financial damage in the form of inequitable exposure to costs/damages in the underlying personal injury matter and litigation expenses incurred and will be incurred to defend that matter, for which Catlin is liable to cover and indemnify.

54. These damages are accruing and will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ALASKA AIRLINES, INC. prays for judgment against Catlin, as follows:

1. That the Court decide and determine the respective rights, duties, and obligations of the parties hereto under Catlin's CGL insurance policy # 5200104639, and enter a judgment declaring that Catlin is obligated to defend Plaintiff, AGS, APS, and Mr. Matsuura with respect to *Sara Green v. Alaska Airlines, Inc. et al.*, Civil No. 17-1-0484 (2) and reimburse litigation expenses incurred thus far, and to indemnify Plaintiff, AGS, APS, and Mr. Matsuura for any liability and damages resulting from that action;

2. That the Court issue an award of attorneys' fees and costs incurred in connection with this action, pursuant to Hawai'i Revised Statutes § 431:10-242;

3. That the Court declare Catlin breached its duty of care, skill, and diligence and award Plaintiff general and special damages;

4. That the Court determine and declare that Catlin is estopped from denying coverage under the applicable CGL policy to Plaintiff, AGS, APS, and Mr. Matsuura for *Sara Green v. Alaska Airlines, Inc. et al.*, Civil No. 17-1-0484 (2).

5. That the Court enter judgment that Catlin breached its duty of good faith and fair dealing to AGS.

6. For such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawai'i, January 27, 2021.

/s/ Lyle S. Hosoda
LYLE S. HOSODA
ADDISON D. BONNER
KOURTNEY H. WONG
SPENCER J. LAU

Attorneys for Plaintiff
ALASKA AIRLINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALASKA AIRLINES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CATLIN SPECIALTY INSURANCE COMPANY;<br><br>Defendant. | Civil No. 1:21-CV-66<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands trial by jury of all triable issues herein.

DATED: Honolulu, Hawai'i, January 27, 2021.

/s/ Lyle S. Hosoda
LYLE S. HOSODA
ADDISON D. BONNER
KOURTNEY H. WONG
SPENCER J. LAU

Attorneys for Plaintiff
ALASKA AIRLINES, INC.